UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAM M. LIEU,

    *Petitioner*,                                      CIVIL ACTION NO:_____

VERSUS

OAKDALE FEDERAL DETENTION CENTER
and SCOTT SUTTERFIELD,

    *Respondent*.

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR WRIT OF HABEAS CORPUS WITH STAY OF DEPORTATION

1. This is an action brought pursuant to 28 U.S.C. §1331, 5 U.S.C. §551 *et seq*., 42 U.S.C. § 1983, and the Immigration and Nationality Act, 8 U.S.C. §1101 *et seq*., for declaratory and injunctive relief, to protect Petitioner, Tam M. Lieu's, rights under the due process clause of the Fifth Amendment to the United States Constitution and under applicable federal law, and to issue a writ of habeas corpus, and enjoin Petitioner's imminent deportation from the United States..

### JURISDICTION

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1343, the Immigration and Nationality Act, 8 U.S.C. § 1101; 28 U.S.C. §1331; the Administrative Procedure Act, 5 U.S.C. §701 et seq., and 28 U.S.C. § 1331, and 8 U.S.C. §1329 and 28 U.S.C. §2241.

3. Venue lies in the United States District Court for the Eastern District of Louisiana, the judicial district where the Petitioner was convicted of the offense giving rise to his deportation.

## PARTIES

4. Petitioner, Tam M. Lieu is a native and citizen of Vietnam, who has been a lawful permanent resident of the United States since September 3, 1992.

5. Respondent, Oakdale Federal Detention Center.

6. Respondent, Scott Sutterfield, is the Field Office Director of the Immigration and Naturalization Service (hereinafter INS) of the United States Department of Justice, Oakdale Federal Detention Center. As such, he is charged with the duty of administration and enforcement of all the functions, powers and duties of the INS.

## CLAIMS FOR RELIEF

7. No prior petition for writ of habeas corpus has been filed by Petitioner in regard to the detention and restraint complained of herein or in regard to any other detention ore restraint.

8. Petitioner, Tam M. Lieu (hereinafter referred to as Mr. Lieu), was admitted to the United States as a lawful permanent resident on or about September 3, 1992. His mother and father were lawful permanent residences before their deaths, his brothers and sisters are United States citizens as well as his wife and children. Mr. Lieu came to the United States at the age of 15 and Vietnam is a foreign country to him in all ways.

9. On or about March 13, 2000, Mr. Lieu was convicted of 1) LSA-R.S. §40:966A (knowingly or intentionally distributing a controlled dangerous substance), 2) LSA-R.S. §40:966C (possession of a controlled dangerous substance), and 3) LSA-R.S. §14:118 (public bribery), by the 24th Judicial District Court. Mr. Lieu was given a sentence of 5 years in prison, execution suspended and ordered to five years active probation.

2

10. Based on this conviction, the INS charged Mr. Lieu as an "aggravated felon" under §241(a)(2)(A)(iii) of the Immigration and Nationality Act (hereinafter referred to as "INA"), as defined by §101(a)(43) of the INA.

11. On or about April 10, 2013, the INS arrested and detained Mr. Lieu. Mr. Lieu has remained in custody of the INS since that time.

12. Shortly after his detention by the INS, Mr. Lieu requested that the immigration judge set bond for his release pending deportation proceedings. The INS argued that Mr. Lieu was ineligible for release on bond pursuant to §242(a)(2)(A) of the INA, as he was alleged to be an aggravated felon. On July 8, 2013 the immigration judge agreed, and held Mr. Lieu was not eligible for release.

13. Mr. Lieu should be released from custody with or without bond pending the deportation proceedings.

14. Mr. Lieu as an alien from the country of Vietnam is subject to deportation proceedings as a lawful permanent resident.

15. Mr. Lieu is subject to being deported from the United States if INS can prove the predicate offenses Mr. Lieu pled guilty to are aggravated offenses under 8 U.S.C. §1227(a)(2)(B)(1).

16. However, under the repatriation agreement between the United States and Vietnam, Mr. Lieu is not subject to be removed from the United States because his home country Vietnam has refused to accept deportees who came to the United States before 1995.

17. Neither is there any other country to which Mr. Lieu can be deported to. One other country that has been a country to which a Vietnam citizen can be deported to is Honduras, but Honduras is no longer accepting Vietnam deportees.

18. Accordingly, there is no viable country Mr. Lieu can be deported to. Therefore, there is no legal reason to hold Mr. Lieu in federal custody.

19. Even if INS can prove the predicate offenses can result in Mr. Lieu's being deportable, he should be released

### *Mr. Lieu Denied Due Process*

20. On or about March 13, 2000, Mr. Lieu was convicted of: 1) LSA-R.S. §40:966A (knowingly or intentionally distributing a controlled dangerous substance), 2) LSA-R.S. §40:966C (possession of a controlled dangerous substance), and 3) LSA-R.S. §14:118 (public bribery), by the 24th Judicial District Court. Mr. Lieu was given a sentence of 5 years in prison, execution suspended and ordered to five years active probation.

21. Mr. Lieu was represented by counsel at the time of his guilty pleas.

22. Mr. Lieu's counsel did not advise him that his guilty pleas and subsequent convictions to the aforementioned crimes would lead to his possible deportation.

23. Had Mr. Lieu been informed by counsel that his plea of guilty to the aforementioned offenses would subject him to deportation he would not have pled guilty to those offenses.

24. In 2010, the United States Supreme Court, in *Padilla v. Kentucky*, 130 S.Ct. 1473, 1482 (2010), held that the Sixth Amendment's guarantee of effective assistance of counsel required criminal defense counsel to advise their non United States citizen clients that pleading guilty to an aggravated felony will trigger automatic deportation.

25. The *Padilla* court also stated that the misadvice or non-advice could amount to ineffective assistance of counsel and warranted the vacation of the offender's guilty pleas.

26. Mr. Lieu filed a Motion to Withdraw Previous Entered Plea of Guilty as Being Constitutionally Infirm and Invalid and an Application for Post Conviction Relief on June 10, 2013 in the 24th Judicial District Court on his guilty pleas entered on March 13, 2000.

27. On June 27, 2013, a hearing was held on Mr. Lieu's motion to withdraw guilty pleas. The trial judge, Honorable Mentz, made no ruling on the motions reasoning that a motion to withdraw a plea of guilty is timely when bought within 30 days of entry of guilty plea (*see* LSA-C.Cr.P. Art. 559) and that a post conviction relief application is timely when bought within two years from the judgment of conviction and sentence has become final (*see* LSA-C.Cr.P. Art. 930.8). Mr. Lieu's conviction became final on March 3, 2000.

28. However, LSA-C.Cr.P. Art. 930.8 provides an exception to the two year limitation: unless the application alleges and the applicant proves that the facts upon which the claim is predicated were not known to the petitioner or his attorney. Mr. Lieu's counsel argued that this exception applied because Mr. Lieu's previous counsel did not advise him that his pleas of guilty would subject him to deportation and that the two year limitation began to run when Mr. Lieu learned he was subject to deportation due to his guilty pleas.[1]

29. Mr. Lieu did not learn he was subject to deportation due to his guilty pleas until he was detained by United States Marshalls on April 10, 2013.

30. Judge Mentz agreed that under the two-prong test of *Strickland*[2] Mr. Lieu could have his pleas of guilty vacated, but that he could not make a ruling on the motion because the court did not have jurisdiction. Judge Mentz stated that *Padilla* had not decided until

---

[1] See *Blanco v. State of Florida*, 997 So. 2d 1179, (12/17/2008).
[2] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

2010 and that Mr. Lieu's pleas of guilty were entered and subsequent conviction became final in 2000.

31. As a result of the court's non-ruling, the pleas of guilty and subsequent conviction entered on the aforementioned offenses will be used as a basis for Mr. Lieu's deportation.

32. Mr. Lieu is being denied due process by being denied the opportunity to present his claims for ineffective assistance of counsel and obtain vacation of his pleas of guilty to the aforementioned offenses.

33. As Judge Mentz did not issue a ruling on the motion to vacate and post conviction relief application, Mr. Lieu cannot seek an appeal at the state level.

34. In light of Mr. Lieu's inability to seek further review of his state conviction in the 24th Judicial District Court, as it has statutorily be determined to be untimely, he asserts that it is a denial of his due process rights inasmuch as procedures prevent him from a court to make a determination as to the ineffective assistance of counsel claim as such he makes the argument here for this Court to review his plea and conviction.

35. The issue of the ineffective assistance of counsel was also asserted before the Immigration Court in Oakdale, Louisiana and the Court denied the motion, as such he is only left to seek redress before this Honorable Court as he will continue to remain in custody without a resolution and be subject to deportation hearings and be subject to an adequate remedy and redress of grievances.

## **IRREPARABLE HARM**

36. If Mr. Lieu were deported from the United States, not only he but his immediate family would suffer irreparable harm and he most likely would be separated from his family forever.

6

**WHEREFORE**, Petitioner, Tam M. Lieu, prays this Honorable Court:

37. That a Writ of Habeas Corpus shall be issued, directed to the Defendant, requiring him to show cause why the Petitioner should not be discharged from the restraint of his liberty now imposed on him by Defendant.

38. Set down this case for a hearing for injunctive relief.

39. Temporarily bar and enjoin the Defendant District Director, his agents and/or subordinates, from deporting or otherwise ordering or causing the Petitioner to depart from the United States until a full and complete hearing on the merits of the Complaint.

40. Permanently bar and enjoin the Defendant District Director, his agents and/or subordinates, from deporting or otherwise ordering or causing the Petitioner to depart from the United States until a full and complete hearing on the merits of the Complaint.

41. Issue and order granting and allowing the Petitioner to remain in the United States until such time as a decision is rendered by the Board of Immigration Appeals.

42. Grant any other and further relief that this Honorable Court may deem fit and proper.

**RESPECTFULLY SUBMITTED:**

 s/ *Eboni M. Townsend*  
Eboni M. Townsend (La Bar Roll #30094)  
Ronald R. Johnson (La Bar Roll # 14402)  
Law Offices of Ronald R. Johnson  
5550 North Foster Drive  
Baton Rouge, Louisiana 70805  
Telephone: (225) 356-3408  
Facsimile: (225) 356-4438  
ronaldjohnson@bellsouth.net  
*Attorney of Petitioner*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TAM M. LIEU**

    *Petitioner*,                   **CIVIL ACTION NO:**_____

**VERSUS**

**OAKLAND DETENTION CENTER,**

    *Respondent*.

### ORDER TO SHOW CAUSE

Good cause appearing therefore, and upon reading the verified petition for a Writ of Habeas Corpus, all of which are filed herewith,

**IT IS HEREBY ORDERED** that Scott Sutterfield, Field Office Director of the Immigration and Naturalization Service, appear before this Court on the _____ day of _____, 2013 at _____ A.M/P.M., of said day, to show cause, if any he has, why a writ of habeas corpus should not be issued herein, as prayed for, and it is further,

**ORDERED**, that the deportation of Petitioner be and the same is hereby stayed, pending the resolution of this matter, and it is further,

**ORDERED**, that Respondent, Scott Sutterfield, is hereby directed to immediately release the Petitioner from the INS detention facility at Oakdale Detention Center forthwith, and it is further,

**ORDERED**, that Petitioner appear before this Court on _____, at \_\_\_\_\_, and it is further,

**ORDERED**, that service of this Order to Show Cause and supporting papers upon Respondent at the office of the Field Office Director at 1010 East Whatley Road, Oakdale,

Louisiana 71463 or his authorized representative before \_\_\_\_\_ P.M. on _____, 2013, be deemed good and sufficient service.

**DONE AND ORDERED** in New Orleans, Louisiana, this \_\_\_\_\_ day of _____, 2013.

_____
**UNITED STATES DISTRICT JUDGE**